Statement.

## Richmond

## NEÁTHERY V. NEATHERY.

### March 13, 1913.

1. RESULTING TRUST—*Payment of Purchase Money—Undivided Share.*
   In order to establish a resulting trust arising from the payment of purchase money by another, it is not necessary that the beneficiary should have furnished the whole of the purchase money, nor an exact aliquot part thereof. If the amount paid is certain, a trust will result with respect to an undivided share of the land proportioned to his share of the whole price.

2. PARTITION—*Joint Purchasers—Unequal Contributions to Price.*—
   Where two persons have purchased land jointly under an agreement that the share or interest of each in the land shall be in proportion to the amount of the purchase price paid by each, and one of them has paid a large part of the purchase price and the other has paid nothing, then, if practicable, there should be laid off to the one who has paid such proportion of the land as is equal to the proportion of the purchase price paid by him, and the residue of the land should be sold to pay the balance of unpaid purchase price, and the surplus, if any, should be divided equally between the parties. If this be not practicable, then the entire tract should be sold and the proceeds applied first to the payment of the balance of the purchase price; second, there should be paid to the one who had paid a part of the purchase price the same proportion of the entire sale price, without deduction, as he had made on the original purchase price of the land, and the residue of the proceeds of the sale, if any, should be divided equally between the two purchasers.

Appeal from a decree of the Circuit Court of Halifax county. Decree for the defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*S. V. Kemp* and *James H. Guthrie,* for the appellant.

*B. W. Leigh* and *H. B. M. Watkins,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed by the appellant, Sarah Neathery, alleging that her father, her mother and herself had occupied as their home for many years a tract of land with its improvements in Halifax county, containing ninety-three acres, more or less, which had been owned by her father, but was subsequently sold for debt and bought by Henry Edmunds, who had permitted them to retain possession of the farm with the hope that the family might be able to satisfy the unpaid purchase money and again become the owners. To this end R. W. Neathery, a brother of complainant, bought the land; that Henry Edmunds, the vendor, died in the year 1907, without having been paid for the land by R. W. Neathery, his vendee; that in this situation it became necessary that the money due the estate of Henry Edmunds should be paid, and his vendee, R. W. Neathery, being unable to pay for the same, complainant entered into an agreement with him to purchase the land by paying to him the amount he had paid on account of the purchase money, and paying to the estate of Henry Edmunds the balance of the purchase money due to said estate; that the primary purpose of complainant in making the purchase was to secure a home for her father and mother and herself; that fearing she might not be able to raise the full amount of the purchase money, she entered into a verbal agreement in July, 1908, with her brother, W. T. Neathery, the appellee, by which it was agreed that the two should become joint purchasers of the land and pay for the same, it being agreed that in paying for said land each of them should pay according to his or her ability as the money could be spared for that purpose, and that when all the purchase money should have been paid, "the

respective interests of the said W. T. Neathery and your oratrix in the property should be in proportion to the amounts paid for same by them respectively."

The complainant further alleges that she alone paid any part of the purchase money in cash; that the balance necessary to discharge the indebtedness was to be borrowed and secured on the land, and that she trusted entirely the management of the business to her brother, the appellee, reposing implicit confidence in him, supposing that her rights would be fully protected; that the last payment she made on account of the purchase was $50.00 in January, 1910; that after this payment she had an investigation made, and learned for the first time that her brother had secured a deed of conveyance for the entire tract of land to himself from the owners, and had executed a contemporaneous deed to secure to John B. Traylor his bond for $408, instead of their joint bond which had been executed for $400, the balance necessary to discharge the entire indebtedness on the land; that upon obtaining this information she demanded of the appellee an explanation and insisted that he should convey to her the interest in the land to which she was entitled under their agreement, but that he refused to make any settlement and denied that she had any interest whatever in the land.

Complainant further charges that she had furnished all the money that has been paid on the land except the balance due on what was borrowed for that purpose, and offers to pay any further sum that may be necessary, and to perform any carry out the agreement as entered into between the appellee and herself. She further charges that the conduct of her brother in procuring the conveyance of the land to himself was in violation of their agreement for the joint purchase of the land, and in fraud of her rights, in so far as it was thereby attempted to make him the sole owner of the land, and that the same should be set aside as null and void.

The prayer of the bill is that all proper accounts be taken, that the true amount paid by her on the land, as well as any amount paid by the appellee, and also the balance due thereon, and to whom due, be ascertained; that the appellee be compelled to specifically perform, carry out and execute the agreement entered into between them for the purchase of the land, and to convey complainant her proper share and interest in the same, or the whole of said land if she shall pay the whole of the purchase money, and for general relief.

This bill was filed in April, 1910, and in July of that year a decree was entered bringing the cause on to be heard upon the bill and exhibits filed with the same, the depositions of witnesses and exhibits filed with such depositions, and argument of counsel, upon consideration whereof, the defendant failing to appear and demur, answer or plead, the bill was taken for confessed, the court holding that the contract for the purchase of the tract of land in controversy was made between the plaintiff and defendant, as alleged in the bill; that the plaintiff had paid the sum of $252 of the purchase money therefor, that being all of the purchase money that had been paid except that which was borrowed for the purpose; that the plaintiff was entitled to have specific execution of the contract, and to have the whole of said land conveyed to her, subject to the lien of the deed of trust in favor of John B. Traylor; that the action of the defendant in taking a conveyance of the land to himself was in violation of the contract rights of the plaintiff; and that said conveyance, in so far as it vested in the defendant any beneficial interest in the land, was fraudulent and void; and that the defendant held the title thereby conveyed in trust subject to the terms of the contract between the parties. The decree finally set aside the conveyance to W. T. Neathery, in so far as it vested any beneficial interest in him, and appointed a commissioner

to convey the whole of the tract of land to the plaintiff, and struck the case from the docket.

After this decree was entered, the defendant appeared at the same term and filed his petition, which he asked to have treated as an answer, in which he admits that the plaintiff had paid $252 on the land, does not deny the contract alleged by her in the bill, but alleges that after the institution of this suit he had gone to the plaintiff and explained to her that the land had only been conveyed to him for convenience, with no intention of depriving her of her interest therein, and that he was ready and willing to convey to her an undivided half interest therein, she to pay one-half the purchase price; that his sister, thereupon, informed him that his offer was all she asked or desired, or asked for in the suit, but that since the suit had been instituted it was best that it be conducted to a final decree fixing the rights of the parties as stated; that he relying upon this representation of his sister had paid no further attention to the suit; that under the circumstances it would be inequitable to declare his conduct and transactions fraudulent and to devest him of all his interest in the land. The prayer of the petition is that the decree which had been entered be set aside, and that the rights of the parties in the land be fixed as follows; that each party pay one-half of the purchase price for the land, and each to own an undivided one-half interest therein; that petitioner is ready, willing and offers to pay his one-half, and is also ready, willing and offers to convey to the plaintiff an undivided half interest when she has paid therefor.

Upon the filing of this petition, and without evidence to sustain it, the court treated the same as an answer to the bill, set aside the final decree entered a few days previously, and held that the plaintiff and the defendant were joint purchasers of the tract of land in the bill mentioned, and as such were each entitled to a half interest therein,

and each under obligation to pay half of the purchase money for the same. The defendant having consented in court that upon partition being made of the land the part upon which the house and outbuildings were situated might be assigned to the plaintiff, and the court being of opinion that partition in kind could be made, appointed a commission of five to partition the land between the parties.

Exceptions by the plaintiff to the report of this commission were sustained, and a new commission appointed, who reported a partition of the land, assigning to the plaintiff 27.66 acres of land, with the improvements, and to the defendant 58.24 acres, without improvements, providing that the plaintiff should pay the defendant $75 for owelty of partition. The court fixed the owelty of partition at $35 instead of $75 as reported, overruled the exceptions of the plaintiff to the report of partition, confirmed the same, provided for recordation of the necessary papers and struck the case from the docket.

Under the pleadings and proof in this record it is incontrovertably established that the contract between the plaintiff and defendant involving the purchase of the land in controversy was, as alleged in the bill, that they were to purchase the land jointly, and after it was paid for the interest of each therein was to be measured by the amount that each had contributed to the satisfaction of the price they had agreed to pay for the same. It is also established that no other contract touching the purchase of the land was at any time substituted for the one mentioned, which remained in full force and effect until abrogated by the decrees appealed from in this case. It is further established that $588.66 was the price the parties agreed to pay for the land, and it is not denied that of that sum the plaintiff has paid $252, and that the defendant has not paid one cent of said purchase price. It is clear that at the time of these proceedings, under the plain and express terms of

the contract, the plaintiff had a fixed and vested interest in the land to the extent of 252/588 thereof, and that the defendant had no interest therein except the bare right to acquire an interest in the residue to the extent that he. might pay the balance of the purchase money, and this right, under the contract, the plaintiff shared equally with him, for she was entitled to continue paying for the land until the whole purchase money was satisfied. The defendant had improperly taken to himself a conveyance of the whole tract, and therefore is to be treated as a trustee holding the property for the benefit of himself and his sister according to their respective rights under their contract of purchase.

In order to establish a resulting trust arising from the payment of purchase money by another, it is not necessary that the beneficiary should have furnished the whole of the purchase money, nor an exact aliquot part thereof. If the amount paid is certain, a trust will result with respect to an undivided share of the land proportioned to his share of the whole price. *Miller* v. *Miller,* 99 Va. 125, 37 S. E. 792.

Under the decrees complained of the circuit court has entirely ignored the contract made by the parties; has made a new and different contract for them, the effect of which is to give the defendant one-half of the entire tract, not one cent of the purchase price of which he has paid, whereas his contract provided that he was to have no interest in the land except in proportion to the amount of purchase money paid by him. The effect of the decree that "each was entitled to a half interest in the land and each to pay one-half the purchase money, was further to leave the one-half assigned to the plaintiff bound by lien for every dollar of the one-half of the purchase money which the court said the defendant should pay, whilst it left the half of the land assigned to him bound for only about $45 of the liability which the decree fixed as hers.

In the status of the parties' rights under their contract, at the time of these proceedings, the entire purchase price of the land not having been paid by either party, we are of opinion that the trustee in the deed securing the outstanding purchase money due on the land, and the beneficiary under that deed, should be made parties to this suit; that the court then having before it the subject matter and all parties in interest, should through its commissioners, if practicable, lay off and assign to the plaintiff such portion of the land as would be equal in value to 252/588 thereof, that being the proportion of the purchase money paid by her; that the defendant having paid no part of the purchase money, the residue of the land should be sold under decree of the court, and from the proceeds thereof the balance of the purchase money secured on the entire tract must be first paid, and the balance of such proceeds of sale divided equally between the plaintiff and the defendant, they having equal rights therein. We are further of opinion that if it should prove to be impracticable to assign in kind to the plaintiff 252/588 of the entire tract, then the entire tract must be sold, and from the proceeds the outstanding purchase money first paid; and second, that 252/588 of the entire sale price, without any deduction, be paid to the plaintiff, and the residue of such proceeds of sale be divided equally between the plaintiff and the defendant.

We are of opinion that all of the decrees entered herein are erroneous; that each of them must be set aside and annulled, and the cause remanded to the circuit court for further proceedings in accordance with the views expressed in this opinion.

*Reversed.*