# VIVIAN L. TILLER

## V.

# RALPH D. OWEN, ET AL.

Record No. 910361

January 10, 1992

Present: All the Justices

*John M. Lamie (Browning, Morefield, Lamie and Sharp*, on brief), for appellant.

*Phillip A. Jones* for appellee Ralph D. Owen.

No brief or argument for appellee Twin City Federal Savings and Loan Bank.

JUSTICE KEENAN delivered the opinion of the Court.

Vivian L. Tiller appeals from a decree in which the trial court imposed a lien on her real property, which included a house, in favor of Ralph D. Owen. Tiller argues that the trial court erred in failing to find that the money Owen delivered to her for the down payment on the house was a gift, and in granting Owen a lien on the property. We conclude that under the evidence presented, the trial court erred in imposing a lien on Tiller's property.

The evidence at trial showed that Tiller and Owen began dating in 1985. They started living together in October 1986. Two months later, their cohabitation was interrupted, but they continued to see each other on an occasional basis. In the summer of

1987, they resumed cohabitation and moved from Maryland to Bristol, where Tiller purchased the subject property. Owen was married during this entire period and did not obtain a divorce until 1990.

Tiller was the sole purchaser named in the real estate contract, and she signed it in her own capacity. She made the loan application and obtained the loan herself. Further, she was the only party obligated on the note which secured the deed of trust on the property.

Owen gave Tiller two checks totalling $23,000 for the down payment on the house. Tiller placed the checks in her personal bank account and wrote the check for the down payment out of this account. There is a factual dispute between the parties regarding Owen's intent at the time he delivered Tiller the checks. Owen testified that he provided Tiller with money for the down payment because he did not want to place the house in his name. He was still married, and he did not want his wife to obtain an interest in the property. Owen testified that he did not intend to make a gift of this size to Tiller. Instead, he testified that he thought they would eventually be married and that "she would have came [sic] in for as much of my property or as much of anything that I owned."

Tiller testified that Owen gave her the money for the down payment so that she could have some security for the future in the event that "something happened" to him. At Owen's request, she had stopped working and had no social security benefits available to her.

Owen provided Tiller with sufficient money to make each of the mortgage payments from October 1987 until June 1989. When their relationship ended in June 1989, Tiller moved out of the house after Owen refused to leave. From that time until the day of trial, Owen remained in possession of the premises and made the mortgage payments directly, rather than giving Tiller the funds for that purpose.

In his bill of complaint, Owen requested that the trial court declare a resulting trust on the property in his favor. He asserted that the trust arose from his delivery of money to Tiller for the down payment on the house, as well as from the money he had extended her to make the monthly mortgage payments.

Upon hearing the evidence, the trial court ruled that Owen was entitled to a lien on the property in the amount of $19,315. This

amount represented the total sum of the down payment, minus $3,685, which the court found was due Tiller based on four I.O.U.s written her by Owen. The court entered its final decree on November 15, 1990. On December 6, 1990, the trial court modified the decree, increasing prospectively the amount of Owen's lien by any money that he thereafter paid on the mortgage exceeding $400 per month, so long as he resided on the premises or used the premises.

In its remarks from the bench after the testimony was completed, the trial court did not state the basis on which its relief was premised. Instead, the court stated only that it was "of the opinion there is no adequate remedy at law in this case and . . . [this] is one of the cases where equity sometimes has to fashion its own remedy."

In the final decree, the trial court again failed to specify its basis for granting Owen this relief. Instead, the decree simply stated:

> "[I]t appearing to the court from the pleadings, the evidence and the equities in this case that the plaintiff, Ralph D. Owen[,] should have a lien against the property of Vivian L. Tiller . . . it is [therefore] adjudged, ordered and decreed that the plaintiff, Ralph D. Owen, is hereby awarded a lien against the property of Vivian L. Tiller . . . which lien, if not sooner paid, may be enforced after July 1, 1991, in the manner provided by law."

■ We agree with Tiller that the trial court erred in granting Owen a lien against the property. Throughout the proceedings, Owen based his request for relief on his claim that a resulting trust had arisen in his favor. However, the trial court did not find that such a trust existed. Instead, it simply ruled that imposition of a lien was appropriate. We find that, under the evidence presented, this constituted reversible error.

■ A trial court must have a cognizable basis for granting equitable relief. Equity is a complex system of established law and is not merely a reflection of the chancellor's sense of what is just or appropriate. *Price* v. *Price*, 122 W.Va. 122, 124, 7 S.E.2d 510, 511 (1940). Further, equitable relief may not be granted where the complainant has failed to produce sufficient evidence in sup-

port of his prayer for relief. Here, we find that as a matter of law a resulting trust did not arise.

▇▇▇ A resulting trust is an indirect trust which arises from the intention of the parties, or the nature of the transaction. It is not dependent on any express declaration of trust. *Salyer v. Salyer*, 216 Va. 521, 525, 219 S.E.2d 889, 893 (1975). In order for a resulting trust to arise, the would-be beneficiary must pay for the property, or assume payment of all or part of the purchase money prior to or at the time of purchase, and have legal title conveyed to another without any mention of a trust in the conveyance. *Leonard v. Counts*, 221 Va. 582, 588, 272 S.E.2d 190, 194 (1980). In addition, he must have paid the purchase money as his own, and not as an agent of the title holder, nor as a loan to the latter. *Salyer*, 216 Va. at 526, 219 S.E.2d at 893. Finally, in instances where the would-be beneficiary has obligated himself to pay purchase money prior to or at the time of purchase, he must have upheld this commitment. *Leonard*, 221 Va. at 588, 272 S.E.2d at 194-95.

▇▇▇ In the case presented here, Owen did not obligate himself to purchase all or part of the property in question. He did not sign the sales contract or become obligated on the mortgage. Further, he signed no other documents binding him to pay all or part of the purchase money. Thus, when he delivered the checks to Tiller, both for the down payment and the monthly mortgage payments, it was not done in satisfaction of any obligation he had with regard to the purchase of the property. For this reason, as a matter of law, a resulting trust did not arise. *See id.* Since the trial court stated no basis for imposing the lien other than finding it "appropriate" to be done, and since the evidence does not establish a cognizable claim supporting the trial court's action, we will reverse the judgment of the trial court and dismiss Owen's bill of complaint.*

*Reversed and final judgment.*

---

* Based on our holding here, we need not address the issue whether the trial court erred in failing to find that the money Owen delivered to Tiller for the down payment was a gift.

JUSTICE WHITING, dissenting.

I cannot agree that "the evidence presented no cognizable claim supporting the trial court's action." Further, I disagree with the majority's conclusion that Owen "has failed to produce sufficient evidence in support of his prayer for relief [and that] as a matter of law a resulting trust did not arise." The evidence shows, indeed, and Tiller admitted, that Owen's delivery of the two checks totaling $23,000 was, in the language of the majority, "for the down payment on the house."

And "it is well settled that when one person pays . . . the purchase price money, *or a part thereof*, for property" deeded to another, a resulting trust may arise. *Kellow* v. *Bumgardner*, 196 Va. 247, 254, 83 S.E.2d 391, 395 (1954) (emphasis added). Indeed,

> [i]n order to establish a resulting trust arising from the payment of purchase money by another, it is not necessary that the beneficiary should have furnished the whole of the purchase money, nor an exact aliquot part thereof. If the amount paid is certain, a trust will result with respect to an undivided share of the land proportioned to his share of the whole price. *Miller* v. *Miller*, 99 Va. 125, 37 S.E. 792.

*Neathery* v. *Neathery*, 114 Va. 650, 656, 77 S.E. 465, 468 (1913). Moreover,

> [n]othing else appearing, the title holder is *prima facie* presumed to hold the title in trust for the party who purchased and paid the purchase money. However, the so-called purchaser must have paid the purchase money as his own and not as an agent of the title holder, nor as a loan or gift to the latter.

*Kellow*, 196 Va. at 254, 83 S.E.2d at 395. Here, it is obvious that the trial court found from credible, albeit conflicting, evidence that Owen's $23,000 transfer for the down payment was not a gift to Tiller as she claimed, and there is nothing to show that Owen was acting as Tiller's agent.

However, instead of imposing a resulting trust of a proportionate interest in Tiller's property in Owen's favor (as it could have done), the court merely imposed an equitable lien. Tiller's objec-

tion is *not* that this was an inappropriate *form* of relief, but that "Owen should not be granted the benefit of a resulting trust or a lien on the property because he did not bind himself to pay the purchase money and because he gave that money as a gift to Vivian Tiller." The trial court did not accept this argument and neither do I. For the reasons stated, I do not think that Owen had to obligate himself to pay the *balance* of the entire purchase price in order to establish a resulting trust for the amounts he had already paid.

Because Tiller did not object to the form of the relief, I would affirm the chancellor's award.\* Rule 5:25.

---

\* If an equitable lien could not be imposed upon Tiller's property, I would reverse the award of an equitable lien but enter a money judgment in the amount of the lien. Code § 8.01-681 (Supreme Court can reverse judgment in part if erroneous, enter such judgment as seems right and proper, and render final judgment on merits if it has sufficient facts to do so); *Iron City Bank* v. *Isaacsen*, 158 Va. 609, 625-26, 164 S.E. 520, 523 (1932) (equity court can establish legal rights and administer legal remedies even though proof shows complainant not entitled to equitable relief); *see Gulfstream Building Assocs.* v. *Britt*, 239 Va. 178, 185, 387 S.E.2d 488, 492 (1990).