MICHAEL D. MORRIS, ET AL.

V.

DAVID N. MORRIS

Record No. 940003

November 4, 1994

Present: All the Justices

*William Gale Pickford (Pickford & Pickford*, on briefs), for appellants.

*April R. Fletcher (Ronald R. Tweel; Michie, Hamlett, Lowry, Rasmussen & Tweel*, on brief), for appellee David N. Morris.

No brief or argument for Elaine Zervos (formerly Morris).

JUSTICE HASSELL delivered the opinion of the Court.

Michael D. Morris and Iva G. Morris, husband and wife, filed their bill of complaint against David N. Morris and Elaine Z. Morris. Michael and Iva alleged that they are the beneficial owners of a 7.24-acre parcel of land with improvements thereon and that David and Elaine own no beneficial interest in the property. Elaine agreed with Michael and Iva that she has no interest in the property and filed a motion for summary judgment. The motion was granted, and she was dismissed from this proceeding.

After a hearing *ore tenus*, the trial court found clear and convincing evidence of a resulting trust in favor of Michael and Iva. The court required, however, that Michael and Iva pay the sum of $14,675 to David as a condition to his conveyance of his legal title to them. Michael and Iva appeal that portion of the trial court's judgment. David assigns cross-error to that portion of the trial court's judgment finding a resulting trust.

In accordance with well-established principles, we will state the facts in the light most favorable to Michael and Iva, the prevailing litigants in the trial court on the issue of the existence of the resulting trust. In 1987, Michael and Iva sought to acquire the 7.24-acre parcel, located in Albemarle County. The purchase price of the property was $101,300. Michael and Iva decided to finance the purchase by securing a loan in the amount of $75,000 from a lending institution. The sellers agreed to $6,300 deferred purchase money financing, and Michael and Iva intended to pay the remainder of the purchase price with funds from Iva's trust account.

Virginia Dickens Hahn, a real estate agent, advised Michael and Iva that they would probably need co-signers in order to obtain the $75,000 from a lending institution because Michael was self-employed. Michael asked his parents, David and Elaine, if they would co-sign the financing documents. David and Elaine agreed to do so.

Michael, Iva, David, and Elaine signed the sales contract to purchase the property. The transaction closed in March 1987. Michael, Iva, David, and Elaine were identified as purchasers on the closing documents, including the deed. An undivided one-half interest in the property was conveyed to each couple.

Michael and Iva paid the closing costs, the balance of the purchase price that exceeded the amount of the loans, and the costs of all improvements to the property with the exception of the cost of a driveway, which Iva's parents paid. Michael and Iva live on the property, and they have paid the mortgage payments, real estate taxes, and property insurance premiums.

The first time that David claimed a beneficial interest in the property was when he gave testimony in a deposition during divorce proceedings between David and Elaine in 1991. David identified his purported beneficial interest in the property and that of his former wife as marital property. The circuit court that had

jurisdiction of the divorce proceedings ordered David to pay Elaine $14,675 for her purported interest in the property.

Michael and Iva argue that the trial court correctly found a resulting trust in their favor, but the court erred by requiring them to pay $14,675 to David as a condition of his conveyance to them of the legal title that he holds. David argues that he is entitled to a payment of $14,675 because this is the sum that the divorce court required him to pay to his former wife for her purported beneficial interest in the property. Furthermore, David argues the trial court erred by finding that he held the property in a resulting trust for the benefit of Michael and Iva.

 We have recently stated that:

> A resulting trust is an indirect trust which arises from the intention of the parties, or the nature of the transaction. It is not dependent on any express declaration of trust. *Salyer* v. *Salyer*, 216 Va. 521, 525, 219 S.E.2d 889, 893 (1975). In order for a resulting trust to arise, the would-be beneficiary must pay for the property, or assume payment of all or part of the purchase money prior to or at the time of purchase, and have legal title conveyed to another without any mention of a trust in the conveyance. *Leonard* v. *Counts*, 221 Va. 582, 588, 272 S.E.2d 190, 194 (1980). In addition, he must have paid the purchase money as his own, and not as an agent of the title holder, nor as a loan to the latter. *Salyer*, 216 Va. at 526, 219 S.E.2d at 893.

*Tiller* v. *Owen*, 243 Va. 176, 180, 413 S.E.2d 51, 53 (1992). In *Kellow* v. *Bumgardner*, 196 Va. 247, 255, 83 S.E.2d 391, 396 (1954), we observed:

> The existence of a resulting trust thus depends upon an equitable presumption of intention, based upon the natural precept that one who advances the purchase money for real property is entitled to its benefits. Therefore, after it has been shown that payment of all or a part of the purchase price for property has been paid by one person and title thereto has been placed in the name of another, the factor which will determine whether the title is to be impressed with a trust in favor of the payor is the intention of the party providing the purchase money. If no evidence of intention is available, then the presumed intention will stand; but if there

is evidence that the person who provided the money had some intention other than to secure the benefits for himself, the presumed intention fails and no resulting trust will be recognized.

Additionally, "the trust must arise from the original transaction, and at the time it takes place, and at no other time." *Miller* v. *Miller*, 99 Va. 125, 130, 37 S.E. 792, 794 (1901).

■ Applying the aforementioned principles here, we hold that the trial court did not err in finding, by clear and convincing evidence, the existence of a resulting trust in favor of Michael and Iva. As we have already observed, Michael and Iva paid all the purchase money and closing costs for the property. David admitted that he co-signed the financing documents as an accommodation maker. David, Iva, and Elaine testified that Michael and Iva purchased the home for use as their primary residence. Elaine testified that when they closed on the property, everyone understood that Michael and Iva would pay the mortgage payments, and the property belonged to them.

■ Michael and Iva contend, and we agree, that the trial court erred by requiring them to pay $14,675 to David as a condition to his conveyance of legal title to them. It is true, as David asserts, that he was required in the divorce proceedings with his former wife to pay for her purported beneficial interest in the property. The evidence of record in this proceeding, however, reveals that Michael and Iva are the only beneficial owners of the property and, hence, neither David nor Elaine had more than bare legal title.

■ We reject David's argument that the trial court may "condition transfer of an interest [in real property] under the theory of a resulting trust on the beneficiaries' payment to the trustee of expenses incurred due to his trusteeship." Contrary to David's assertion, he did not incur a loss of $14,675 in his purported capacity as a trustee of the property. Rather, David was required to give his former wife $14,675 in the divorce proceedings because he mistakenly claimed a beneficial ownership in the property when, in fact, neither he nor she had such interest. Furthermore, we are of opinion that under the facts and circumstances of this case, the chancellor had no authority to order Michael and Iva to pay for David's mistake.

Accordingly, we will affirm that portion of the decree finding the existence of a resulting trust in favor of Michael and Iva. We will reverse that portion of the decree requiring Michael and Iva to pay David $14,675. We will remand this proceeding to the trial court for the entry of a decree consistent with the views expressed herein.

*Affirmed in part,*
*reversed in part,*
*and remanded.*