# CIRCUIT COURT OF THE CITY OF RICHMOND

Oscar F. Smith

    v.

Maurice Smith,
Administrator
of the Estate of
Viola J. Smith, et al.

July 14, 2003

Case No. HQ-2225

BY JUDGE T. J. MARKOW

The parties appeared before the court on July 2, 2003, evidence was presented and argument was heard. The decedent, Viola J. Smith is the sister of plaintiff Oscar Smith and defendant Maurice Smith. One of the parties, Michael Smith, a minor, conveyed to the court through his guardian ad litem that he did not wish to participate in the hearing.

This case involves a dispute over ownership of two parcels of land, described as the Charles City property and the Richmond property. The July 1988 Deed of Trust conveys title to a tract of 57.70 acres of land in Charles City to the decedent. The October 1997 Deed of Trust conveys title to real estate at 613 Brook Road and 431, 431½, and 433 West Duval Street in Richmond to the decedent. The decedent, Viola Smith, remained the primary obligor on both the mortgages until her death in February 1998. Plaintiff Oscar Smith claims that he made all the mortgage payments and payments of

taxes and costs associated with both the properties. Plaintiff also contends that Viola Smith intended for the plaintiff to keep the properties; she only helped the plaintiff with getting credit to purchase these properties. This is evident by the decedent's conveying both the deeds of trust to trustees and appointing plaintiff as her attorney-in-fact. Plaintiff acknowledges that he has poor credit history and avoids acquiring property listed solely in his name in order to evade his creditors. Plaintiff uses his business funds for both personal and business purposes and does not keep a personal bank account for the same reasons. Plaintiff has also conveyed 51% of the company shares to the decedent. Plaintiff alleges that, since the decedent intended for him to have both, the Richmond property and the Charles City property, and since he has made all the payments on these properties, the court should impose a resulting trust or, in the alternative a constructive trust, conveying the properties to him.

Defendants allege that all payments related to both the properties have been made from a business account of Priority Courier Corporation. Therefore, Oscar Smith cannot claim individual title to these properties on account of payments, he claims, made by him. Secondly, the decedent is the primary obligor on the notes for both the properties with both the properties used as collateral on the note. Therefore, Oscar Smith is not obligated on either mortgage note. In case of default, the decedent's estate is solely responsible for the payments.

The party claiming the imposition of the constructive and resulting trusts has the burden to prove by clear and convincing evidence that the decedent intended the property to be for the benefit of the claimant, *Salyer v. Salyer*, 216 Va. 521 (1975), or that the imposition of a constructive trust is necessary to prevent "fraud or injustice." *Gifford v. Dennis*, 230 Va. 193, 199 (1985); *Leonard v. Counts*, 221 Va. 582, 588-89 (1980).

Plaintiff presented evidence that he made mortgage payments on both the properties through his business Priority Courier Corporation. Plaintiff also testified that the decedent was not actively involved in his business and did not receive any income although 51% of the company shares were transferred to her name. However, defendants presented testimony from the bank that, in case of default, the person responsible for the notes is the decedent and her estate and the decedent listed her shares from Priority Courier Corporation as her assets. Payments made through a business entity can be claimed by the business entity, not by the individual who manages the business and authorizes these payments. Under the principles outlined in *Tiller v. Owen*,

243 Va. 176 (1992), the plaintiff cannot claim equitable ownership of property when he is not obligated to pay off the debt secured by the property.

Therefore, the court finds that plaintiff has not presented clear and convincing evidence that a resulting trust was the intent of the plaintiff and the decedent when purchasing the Richmond and Charles City properties. With regard to a constructive trust, even if the evidence did support the imposition of a constructive trust, it offends the principles of equity to take title away from the estate and hold it responsible for the mortgage payments. Further, the court cannot condone or support the plaintiff's efforts to hide his assets from his creditors. Although the court has found that the plaintiff is not the sole beneficiary of the properties, it does not affect his ownership interests as an heir of the estate.

Based on the above findings, the court denies the imposition of a resulting or constructive trust in favor of the plaintiff, Oscar Smith. Cross-Claim plaintiff introduced no evidence in support of its claims under Count III of the Cross-Bill.

It is, therefore, ordered that title to the property described as 613 Brook Road and 431, 431½, and 433 West Duval Street in the City of Richmond and the 57.70§/- acres described on "Plat of Property situated west of Route 622 and north of Route 603" recorded in the clerk's office of Circuit Court of Charles City County, Virginia, in Plat Book 5, at page 54, was vested in Viola J. Smith as of the time of her death. Judgment is awarded to Oscar F. Smith on Count III of the Cross-Bill.

There being nothing further to be done, the clerk is ordered to place this file among the ended causes.