## CIRCUIT COURT OF FAIRFAX COUNTY

1924 Leonard Road, L.L.C.

v.

Dorothy Van Roekel

August 11, 2005

Case No. CL85388

BY JUDGE GAYLORD L. FINCH, JR.

This matter came before the Court on Complainant 1924 Leonard Road, L.L.C.'s (LLC) Bill of Complaint for partition of property located at 1924 Leonard Road, Falls Church, Virginia 22043, and on Defendant Dorothy Van Roekel's Cross-bill to quiet title of the same property. The trial was held July 13, 2005. All of the Complainant's evidence was admitted by stipulation of the parties. The Complainant then rested, and the Defendant presented her case.

*Background*

In 1955, a Mr. and Mrs. Albright conveyed the subject property, 1924 Leonard Road, to Mr. F. E. Malcolm and Mr. Herman W. Van Roekel as tenants in common with Mr. Van Roekel assuming the Albrights' deed of trust. Mr. Van Roekel lived there with his wife Dorothy Van Roekel, the Defendant/Cross-Complainant, and their children. Mr. Van Roekel left the residence in 1961, never returned, and never told Mrs. Van Roekel where he was or how he could be contacted. Mrs. Van Roekel still lives in the home, she made all of the payments on the deed of trust until it was paid off in 1976, and she continues to pay the taxes and insurance on the property.

In 1971, Mr. Van Roekel deeded the property to Mrs. Van Roekel. That deed purported to convey the property from Mr. Van Roekel and his wife Billie Sue Van Roekel to Dorothy Van Roekel. However, no evidence was

presented that Mr. Van Roekel and Dorothy Van Roekel were ever divorced and Mrs. Van Roekel claims never to have received any divorce papers. Mr. Van Roekel died in 1984, and Mrs. Van Roekel continues to receive social security payments as his widow.

Mr. Malcolm's one-half interest in the property was deeded pursuant to a trust agreement, and the Trustees of that trust thereafter deeded the property to the Plaintiff LLC.

*Analysis*

The LLC seeks to have a partition sale of the property as well as damages for any waste and compensation for the rental value of the property. In order to do that, they needed to prove that they are tenants in common with Mrs. Van Roekel and owned an undivided one half interest in the property. They attempted to prove that by demonstrating a chain of title to the LLC from F. E. Malcolm and the point of the purchase of the property in 1955. The issue, however, is not the chain of title but the actual interest owned by Mr. Malcolm at the time of the purchase.

Letters from Mr. Malcolm to Captain Albright at the time of the sale indicate Mr. Malcolm's intention to both find a buyer for Captain Albright and to find a home for Mr. and Mrs. Van Roekel and their children. Defendant's exhibit # 6. It was the intention of both Mr. Malcolm and Mr. Van Roekel at the time of the purchase of the property that Mr. Van Roekel would assume the Albright's existing mortgage and the Van Roekels would be the ones to continue to make the payments. Defendant's Exhibit # 7. Mr. Malcolm specifically states that, although he knew the Van Roekels would keep up the payments, he would be willing to take title jointly so as to provide the Albrights with extra protection. *Id.* By allowing this provision to be made a condition of the sale, he demonstrated his intention that his taking title jointly with Mr. Van Roekel was for the express purpose of furthering the sale. The letters written at the time of the sale provide a clear indication that Mr. Malcolm took title to facilitate the sale but that he assumed that it would be the Van Roekels, and not himself, that would be responsible for mortgage payments.

These facts give rise to a resulting trust. A resulting trust rises, even if no trust is mentioned in the transaction, when the beneficiary pays all or part of the purchase price but legal title is taken in the name of another person. *Morris v. Morris*, 248 Va. 590, 593, 449 S.E.2d 816 (1994). This resulting trust is an equitable determination based on the intentions of the parties at the time of the transaction that the person advancing the purchase price is entitled to the benefits of the property. *Id.* at 593-94. The presumed intention, unless

evidence is provided otherwise, is that the purchasers intended to secure the benefits of the purchase for themselves. *Id*. The Van Roekels paid to catch up all back payments owed by the Albrights at the time of the sale and they continued to make all of the payments on the assumed mortgage. Defendant's Exhibit # 6 and Defendant's Testimony. There was no evidence presented that either the Van Roekels or Mr. Malcolm had any intention at the time of the purchase of the property other than the property being bought by the Van Roekels as their home.

The Defendants argue that subsequent letters indicate that Mr. Malcolm intended to retain his half interest, even trying to purchase Mr. Van Roekel's interest in December of 1970. Plaintiff's Exhibit # 7. However, Mr. Van Roekel never sold the property to Mr. Malcolm and actually attempted to deed the property to Mrs. Van Roekel in February of 1971. Defendant's Exhibit # 9. None of the Plaintiff's exhibits give any indication that, at the time of the purchase, Mr. Van Roekel intended that Mr. Malcolm would retain any interest in the property. In Morris, a resulting trust was created when the Defendant co-signed on a loan so that the Plaintiffs could obtain financing with the deed identifying the Defendant as having an undivided one-half interest in the property. *Morris* at 592. The Defendant was found merely to have signed the financing documents as an "accommodation maker" as the Plaintiffs paid all of down payment and the closing costs on the purchase of the property. *Id*. at 594. Mr. Malcolm was no less an accommodation maker.

Mrs. Van Roekel continued to live in the home making all payments on the assumed mortgage and paying all insurance and taxes. Mrs. Van Roekel's current interest in the property stems either from the 1971 deed or, since no evidence of a divorce was ever produced, from being Mr. Van Roekel's widow.

### Conclusion

I find that the Defendant has proven by clear and convincing evidence the existence of a resulting trust in favor of Mr. Herman Van Roekel and therefore Mrs. Dorothy Van Roekel. The Plaintiff, 1924 Leonard Road, L.L.C., has no interest in the subject property no matter the chain of title from Mr. F. E. Malcolm because Mr. Malcolm had no interest to pass along. Therefore, the Plaintiff's Bill of Complaint is dismissed with prejudice. Title to 1924 Leonard Road, Falls Church, Virginia, is found to be held solely in the name of Dorothy Van Roekel based upon a resulting trust. As such, Mrs. Van Roekel's argument as to a claim of Adverse Possession will not be considered here.