PRESENT: Lemons, C.J., Goodwyn, Millette, Mims, McClanahan, and
         Powell, JJ., and Lacy, S.J.

NANCY W. DEVINE
                                        OPINION BY
v.  Record No. 140305           JUSTICE CLEO E. POWELL
                                       JANUARY 8, 2015
CHARLES Z. BUKI, ET AL.

          FROM THE CIRCUIT COURT OF NORTHUMBERLAND COUNTY
                   Harry T. Taliaferro, III, Judge

     Nancy W. Devine ("Devine") appeals the judgment of the

trial court rescinding the sale of the property known as Rock

Hall to Charles Z. Buki ("Buki") and Kimberly A. Marsho

("Marsho").  Buki and Marsho assign cross-error to the trial

court's denial of their claim under the Virginia Consumer

Protection Act ("VCPA"), Code § 59.1-196, et seq., and their

request for punitive damages.

                         I.  BACKGROUND

     The present case involves the sale of Rock Hall, a wood

frame house that is more than 200 years old, by Nancy and her

husband, Donald M. Devine, Jr. ("Donald").  The facts regarding

the sale of Rock Hall and the subsequent lawsuit are the same as

those discussed in the companion case of Donald M. Devine, Jr.

v. Charles Z. Buki, et al., ___ Va. ___, ___ S.E.2d ___ (2015)

(this day decided).  Therefore, we will address only the facts

that are particularly relevant to this case.

     The trial court, in ruling on this matter, found that

Nancy's involvement in the present case was limited to signing

the contract agreeing to sell Rock Hall to Buki and Marsho for $590,000 (the "Real Estate Contract") and other documents pertaining to the sale of Rock Hall. It specifically noted that there was no evidence that Nancy took part in any of the fraudulent acts. Similarly, the commissioner made no finding with regard to Nancy or attributed any fraud, misrepresentation or concealment to her. According to the trial court, Nancy merely "reaped the benefit" of the sale of Rock Hall.

Notwithstanding the fact that she committed no wrong, the trial court granted rescission of the Real Estate Contract against both Donald and Nancy. The trial court determined that it was fair and equitable to require Nancy "to be responsible jointly and severally with her husband for the repayment of the purchase price" of Rock Hall. The trial court also awarded prejudgment interest on the purchase price of Rock Hall, running from the date of closing. However, the trial court declined to award consequential damages or damages under the VCPA against Nancy.

## II. ANALYSIS

On appeal, Nancy contends that the trial court affirmatively found that she committed no wrong and, therefore, could not award any remedy against her. She further argues that, having found that she committed no wrong, the trial court no longer had equitable jurisdiction over her. Finally, she

2

asserts that, assuming the trial court did not err in awarding rescission, it erred in awarding Buki and Marsho prejudgment interest on the purchase price of Rock Hall. In their assignments of cross-error, Buki and Marsho assert that the trial court erred in dismissing their VCPA claim and in not awarding punitive damages.

## A. RESCISSION

Nancy argues that the trial court erred in granting rescission because the trial court specifically found that Buki and Marsho failed to prove that she committed any fraudulent acts. Therefore, according to Nancy, the trial court was without the necessary "cognizable basis for granting equitable relief." Waikoloa Ltd. P'ship v. Arkwright, 268 Va. 40, 48, 597 S.E.2d 49, 54 (2004).

In response, Buki and Marsho contend that the flexibility of equity allows the trial court to fashion certain remedies, even in the absence of wrongdoing. Buki and Marsho assert that Nancy likely reaped the benefits of the sale. They also focus on the fact that the purpose of rescission is to return the parties to the status quo ante. Therefore, according to Buki and Marsho, the grant of rescission does not place Nancy in any worse position than she was in before the sale.

It has long been recognized that "an entity may not be made the subject of a remedial decree absent some finding of

3

liability." Bacon v. City of Richmond, 475 F.3d 633, 638 (4th Cir. 2007) (citing Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803)); see also Swann v. Charlotte-Mecklenburg Bd. of Ed., 402 U.S. 1, 16 (1971) ("As with any equity case, the nature of the violation determines the scope of the remedy"). "Remedies, in other words, do not exist in the abstract; rather, they flow from and are the consequence of some wrong." Bacon, 475 F.3d at 638. Therefore, absent "a cognizable basis for granting equitable relief," a trial court "is not authorized to take a particular course of action simply because [it] thinks that such action is just and appropriate." Waikoloa Ltd. P'ship, 268 Va. at 48, 597 S.E.2d at 54. See also Tiller v. Owen, 243 Va. 176, 179, 413 S.E.2d 51, 53 (1992)("A trial court must have a cognizable basis for granting equitable relief.").

As discussed at length in Donald's case, Buki and Marsho were entitled to rescission due to Donald's fraudulent activity. However, at the same time, there was no evidence of any wrongdoing on the part of Nancy in the present case. Accordingly, the trial court had no basis for awarding any remedy against Nancy.[*]

---

[*] In light of our decision reversing the trial court's award of a remedy against Nancy, we need not address Nancy's other arguments.

## B. CROSS-ERROR

In their assignments of cross-error, Buki and Marsho take issue with the trial court's decisions dismissing their VCPA claim and denying them punitive damages. With regard to their VCPA claim, Buki and Marsho contend that the consequential damages were still damages that could be doubled under the VCPA. We note, however, that the trial court did not award any consequential damages against Nancy, nor did Buki and Marsho assign error to the trial court's failure to make such an award.

Buki and Marsho next argue that the trial court erred in failing to award punitive damages after it struck their VCPA claim. We note, however, that Buki and Marsho do not argue that the trial court should have awarded punitive damages against Nancy. Rather, they argue that "it was clear error for the trial court to fail to impose equivalent damages on Donald Devine as punitive damages." (Emphasis added.)

None of the relief sought in the assignments of cross-error by Buki and Marsho apply to Nancy. Accordingly, we will dismiss their assignments of cross-error as improvidently granted.

## III. CONCLUSION

For the foregoing reasons we will reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

5

JUSTICE McCLANAHAN, concurring in part and dissenting in part.

I agree with Part II.B. of the majority opinion in its disposition of the appellees' assignments of cross-error, but I disagree with the analysis and conclusions regarding the issue of rescission in Part II.A.  For the reasons stated in my separate opinion (concurring in part and dissenting in part) in the companion case of Donald M. Devine, Jr. v. Charles Z. Buki, et al., __ Va. __, __ S.E.2d __ (2015) (this day decided), I would affirm the circuit court in fully rescinding the subject real estate contract, and ordering repayment of the purchase price by Donald and Nancy Devine in exchange for reconveyance of the subject property by the appellees.