Bradley D. ARMINTOR, Individually and dba Brazoria County Physical Therapy Center, Appellant,

v.

COMMUNITY HOSPITAL OF BRAZOSPORT, Appellee.

No. A2991.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 11, 1983.

Vaughn O. Stewart, Lake Jackson, for appellant.

Robert J. Newton, Davis, Stovall, Newton & Jones, Freeport, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order granting a permanent injunction prohibiting Bradley D. Armintor (Armintor or appellant) from providing physical therapy services on the premises of Community Hospital of Brazosport (Community Hospital or appellee). In six points of error, Armintor challenges the

legal and factual sufficiency of the evidence to support the trial court's supplemental findings of fact twenty and twenty-one and its conclusion that his presence on the premises of Community Hospital after June 1, 1981 for the purpose of treating patients with the permission of staff physicians would constitute a trespass and would cause irreparable harm. We affirm.

Community Hospital is a private, non-profit corporation which is governed by an elected board of trustees. Its day-to-day operations are under the direction and control of a hospital administrator. Appellant is a physical therapist who provided his services to Community Hospital as an independent contractor. Appellant provided such services under an oral agreement with Community Hospital for about twenty-two years.

In February, 1981, the parties agreed that a written contract for appellant's services would be in their best interests. Difficulties in negotiating the terms of such a contract prompted a letter from the hospital administrator (Smith) dated April 10, 1981, which notified appellant that his oral contract would be terminated if a written contract was not executed on or before April 30, 1981. No agreement was reached and on May 1, 1981, Smith mailed appellant notice that the hospital was terminating the oral agreement as of May 31, 1981. On May 4, 1981, the hospital hired a licensed physical therapist (Necessary) to provide in-house physical therapy treatment beginning June 1, 1981. On May 11, 1981, Smith sent another letter informing appellant that he would not be allowed to provide therapy services on the hospital's premises after May 31, 1981. The letter also advised appellant to discontinue representing to staff physicians that, with their permission, he would be allowed to come on the hospital's premises to treat patients. After May 31, 1981, appellant came to the hospital and provided physical therapy services to a patient. At that time he was again admonished that he was not permitted to come onto the hospital's premises to provide his services; he responded that he would continue to provide such services with the permission of staff physicians.

Community Hospital subsequently brought this suit seeking to permanently enjoin appellant from providing physical therapy services on the hospital's premises. A temporary restraining order was granted on June 5, 1981. Following a hearing on the order, the parties agreed to the issuance of a temporary injunction. On August 5, 1981, the trial court granted the permanent injunction from which this appeal is taken.

In points of error one through four, appellant contends there is no evidence or, alternatively, insufficient evidence to support the trial court's supplemental findings of fact twenty and twenty-one.

 In reviewing "no evidence" points, we consider only the evidence and any inferences arising therefrom which support the finding. *Butler v. Joseph's Wine Shop, Inc.,* 633 S.W.2d 926, 931 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). In reviewing "insufficiency" points, we must consider and weigh all of the evidence to determine whether the finding is so against the greater weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

In its supplemental finding of fact twenty, the trial court found: "Community Hospital of Brazosport's relationship with its patients will be disrupted and disturbed if Brad Armintor is allowed to continue to perform physical therapy in the Community Hospital without the permission of the Hospital." The Director of Nursing (Sikora) and a staff physician (Thompson) both testified the short-comings of appellant's services as an independent contractor had been resolved by the creation of the in-house department. Thompson, who was also secretary of the medical staff, testified that use of the in-house department resulted in better documentation of physical therapy treatment given to patients and in an increased number of patient treatments. He also testified that poor communications between doctors, nurses and appellant regarding physical therapy treatment prescribed

for patients of Community Hospital had been eliminated by use of the in-house department. Sikora testified the in-house department resulted in increased "visibility," cleaner equipment and an increase in the number of persons available to assist with treatments. She also testified that appellant's treatments were not necessarily planned around nursing schedules or patient meals.

In its supplemental finding of fact twenty-one, the trial court found: "Community Hospital's board-approved policy to have a closed in-house physical therapy department would be interfered with if Brad Armintor came upon the premises to treat the Hospital's patients." The hospital's assistant administrator (Shaffer) testified that the creation of the in-house physical therapy department was intended to resolve problems relating to control of how and by whom treatments were to be provided, professional liability regarding patient treatment and interference with staff personnel by persons soliciting agreements to provide physical therapy services. He further testified that several staff physicians were confused concerning whether physical therapy treatment was to be ordered from appellant or from the in-house department. Smith expressed the same concerns; he also testified that any equipment brought into the hospital by appellant would require additional space and electricity. Further, Mrs. Necessary testified that one of the hospital's patients had requested treatment from appellant because it was the patient's understanding that insurance would not cover the treatment if performed by Mrs. Necessary.

We find the above evidence legally and factually sufficient to support the trial court's supplemental findings of fact twenty and twenty-one. Appellant's points of error one through four are therefore overruled.

In his fifth point of error, appellant argues the trial court erred in concluding that the hospital would suffer irreparable harm if appellant's services were provided with the permission of an attending staff physician.

An "irreparable injury" is an injury which cannot be compensated or for which compensation cannot be measured by any certain pecuniary standard. *Parkem Industrial Services, Inc. v. Garton,* 619 S.W.2d 428, 430 (Tex.Civ.App.—Amarillo 1981, no writ). The major function of Community Hospital is to provide quality hospital care for persons suffering from illness or disability. The injury the hospital would suffer as a result of allowing appellant to come to the hospital with the permission of a staff physician and treat patients would be measured in terms of damage to the quality of care provided by the hospital; this is not an injury which can be compensated. Further, in light of our discussion of the evidence relating to appellant's points of error one through four, we find the evidence shows there is an affirmative prospect Community Hospital will suffer such harm.

Appellant complains that the hospital's policy interferes with the authority of the staff physicians to prescribe medical treatment. Article IX, section 1 of Community Hospital's by-laws provides that "[i]n the professional care of patients the attending Physician appointed to the Medical Staff shall have full authority *subject only to the policies stated by the Board of Trustees."* (Emphasis added). Several board members testified that the policies in question met with the trustees' approval. Furthermore, we find the policies in question are administrative matters which lay within the discretion of the board of trustees and are, therefore, not subject to judicial review. *See Tigua General Hospital, Inc. v. Feuerberg,* 645 S.W.2d 575, 578 (Tex.App.—El Paso 1982, writ dism'd w.o.j.); *Hodges v. Arlington Neuropsychiatric Center, Inc.,* 628 S.W.2d 536, 538 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Additionally, the hospital's policy does not seek to prevent staff physicians from prescribing physical therapy treatment; it merely dictates from whom physical therapy services will be provided. Appellant's fifth point of error is overruled.

In appellant's final point of error, he contends the trial court erred in concluding that his presence on the premises of Community Hospital with the permission of a staff physician constituted a trespass. Appellant cites no authority in support of his position. The evidence shows that permission granted by an attending physician is in violation of the policies of the hospital. Furthermore, Smith's letter of May 11, 1981, placed appellant on notice that he was not to perform physical therapy services on the hospital's premises after May 31, 1981. The evidence is undisputed that appellant continued and threatened to continue to treat patients on the hospital's premises after May 31, 1981. We find the trial judge properly concluded that appellant was trespassing on the hospital's premises. *See Matador Pipelines, Inc. v. Watson,* 626 S.W.2d 139 (Tex.App.—Waco 1982, writ ref'd n.r.e.); *DeNoie v. Board of Regents of Univ. of Texas Sys.,* 609 S.W.2d 601, 603 (Tex.Civ.App.—Austin 1980, no writ). We therefore overrule appellant's sixth point of error.

The judgment of the trial court is affirmed.