This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JASON LEE STANLEY,**

    Petitioner-Appellee,

**vs.**                                                                 **NO. 31,731**

**KRYSTLE LEIGH STANLEY**
**n/k/a/ KRYSTLE LEIGH SELPH,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Karole Kohl Law P.C.
Karole Ann Kohl
Albuquerque, NM

for Appellee

Elizabeth Stacy Vencill
Albuquerque

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Respondent appeals from the district court order awarding primary physical custody of the parties' minor child to Petitioner. This Court issued a calendar notice proposing to affirm. In doing so, we grouped the twenty-three issues raised by Respondent into five categories: (1) due process; (2) equal protection; (3) bias; (4) statutory guidelines; and (5) sufficient evidence. We addressed these five categories of issues in our notice of proposed disposition and proposed to affirm, in part, due to Respondent's failure to either clearly articulate the legal arguments, *see Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."), or to provide this Court with authority indicating that error had occurred. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that where a party cites no authority to support an argument, we may assume no such authority exists). We further suggested to counsel that she only pursue those arguments that appear to have merit. *See Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶¶ 54-55, 144 N.M. 636, 190 P.3d 1131 ("[W]e encourage litigants to consider carefully whether the number of issues they intend to appeal will negatively impact the efficacy with which each of those issues can be presented.")

Respondent has filed a memorandum in opposition to this Court's proposed disposition. It does not appear from the memorandum in opposition that counsel has heeded this Court's cautionary advice. Instead of specifically addressing the problems this Court identified with Respondent's arguments, Respondent attempts to distinguish the cases this Court relied on for general propositions of law. For instance, where this Court cited to *Headley* and *Doe* regarding unclear arguments and lack of supporting authority, Respondent attempts to distinguish *Headley* and *Doe* on their facts rather than fully addressing the deficiencies for which these cases were cited. [MIO 7, 9]

Respondent takes the same approach in responding to this Court's treatment of merits of the issues raised on appeal. As an example, in this Court's calendar notice we relied on *Garcia ex rel. Garcia v. La Farge*, 119 N.M. 532, 537, 893 P.2d 428, 433 (1995), for the proposition that to make an equal protection claim, a party must first show that the challenged action "draws classifications that discriminate against a group of persons to which [she] belongs." [CN 6] Respondent points out that *Garcia* is a medical malpractice case, involving a statute of limitations, and that the present case involves neither. [MIO 10] Respondent then goes on to state:

> Mother contends the court's actions denied her equal protection because she is a member of a protected class, she put on several witnesses who stated that Mother did not know the whereabouts of the paternal grandmother the minor child for several years [sic], and the court favored Father unnecessarily in order to maintain the status quo of leaving the

child with someone from Father' family rather than seriously considering Mother, which right was guaranteed by the statute.

[Id.] However, Respondent does not identify the protected class she is a member of or what individual interest is at issue. *See, e.g.*, *Wagner v. AGW Consultants*, 2005-NMSC-016, ¶ 12, 137 N.M. 734, 114 P.3d 1050 ("Before turning to the merits of the equal protection and due process challenges, we must identify the appropriate level of scrutiny for reviewing the challenged law. What level of scrutiny we use depends on the nature and importance of the individual interests asserted and the classifications created by the statute."). As a result, Respondent has failed to adequately develop her equal protection argument.

While Respondent disagrees with this Court's reliance on *Headley* for the proposition that we will not review unclear arguments because *Headley* dealt with full briefing and, here, Respondent had just filed a docketing statement, Respondent has now had the opportunity to present argument to this Court in her memorandum in opposition, and has failed to adequately articulate the legal issues and her claim for legal error. *See State ex rel. State Highway & Transp. Dep't v. City of Sunland Park*, 2000-NMCA-044, ¶ 15, 129 N.M. 151, 3 P.3d 128 (noting that the docketing statement takes the place of full briefing when a case is decided on the Court's summary calendar). Furthermore, to the extent Respondent has generally addressed

4

this Court's notice of proposed disposition by factually distinguishing cases relied on for general propositions aimed at informing Respondent what she needed to do to demonstrate error, we do not address these arguments further herein as they are neither helpful nor persuasive. Instead, we have attempted to isolate the factual and legal issues raised by Respondent that are adequately developed and address only those.

Along these same lines, we point to Respondent's due process argument where Respondent states that this is a case involving a violation of procedural due process, but fails to articulate anything akin to legal error. Instead, Respondent asserts that the district court stated that it could not make a decision regarding her request to raise her child. [MIO 5] The district court clearly rendered a decision on this issue; consequently, the gist of Respondent's procedural due process argument remains unclear. To the extent Respondent cites to *Troxel v. Granville*, 530 U.S. 57 (2000), and NMSA 1978, Section 40-4-9.1 (1999), as being "helpful" in considering the rights of parents and parenting issues [MIO 5], Respondent has failed to adequately demonstrate a procedural due process issue. *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). To merely refer to legal authority as "helpful" without articulating how they demonstrate error by the district

court is insufficient to meet an appellant's burden of demonstrating error on appeal. *See Farmers, Inc., v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990) (providing that the appellate court presumes that the trial court is correct and the burden is on the appellant to clearly demonstrate that the trial court erred).

Turning to the issue of bias, in this Court's notice of proposed disposition we proposed to conclude that (1) to the extent Respondent was arguing the judge should have been disqualified, Respondent had failed to demonstrate personal bias on the part of the judge; (2) to the extent Respondent was attacking the manner in which the district court weighed the testimony and evidence presented, such complaints were beyond the scope of this Court's review; and (3) to the extent Respondent was arguing that the district court impermissibly considered factors such as religious affiliation and gender, the district court's findings and conclusions did not reflect consideration of such factors. [CN 7-8] In response, Respondent states that "[i]t is not the adverse rulings that Mother claims [to] show bias, but the fact that the [district] court did not treat her as a person." [MIO 13] Respondent then goes on to contest the district court's treatment of the evidence presented by the parties. However, as we stated in our notice of proposed disposition, this Court does not weigh evidence, resolve conflicts in testimony, or judge credibility of witnesses. [CN 8] Respondent's arguments, to the extent they are premised on such concerns, are outside of the scope

of our appellate review. *See Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct. App. 1988), *holding modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.,* 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148 (stating that, given that this Court lacks any opportunity to observe demeanor, we cannot weigh the credibility of live witnesses); *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ([W]hen there is a conflict in the testimony, we defer to the trier of fact.").

Similarly, to the extent Respondent challenges the sufficiency of the evidence supporting the district court's custody determination, this Court is required to view the evidence in the light most favorable to the prevailing party and disregard evidence and inferences to the contrary. *Weidler v. Big J Enters. Inc.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089. To the extent Respondent premises her challenges regarding the sufficiency of the evidence on the district court's failure to consider or give appropriate weight to her evidence and testimony, these arguments do not provide a basis for reversal. Moreover, to the extent Respondent takes issue with this Court not giving adequate consideration to her thirty-two pages of proposed findings and conclusions, as they provide a "sense of the testimony below," this inquiry is largely irrelevant given the constraints on the scope of this Court's appellate review. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (providing that

contrary evidence does not provide a basis for reversal, as the district court is free to reject or disregard testimony or evidence to the contrary).

In addition to challenging the district court's weighing of the evidence, Respondent challenges the district court's finding that Petitioner provided an independent residence for the child since 2004. Having considered this argument, we conclude that even assuming this finding is not supported by substantial evidence as Respondent contends, reversal of the district court's decision is not appropriate. "Even where specific findings adopted by the trial court are shown to be erroneous, if they are unnecessary to support the judgment of the court and other valid material findings uphold the trial court's decision, the trial court's decision will not be overturned." *Normand v. Ray*, 109 N.M. 403, 411, 785 P.2d 743, 751 (1990). Disregarding the contested finding, the district court found that in 2004 Respondent had dropped out of the child's life due to personal hardship; that Respondent did not resume regular contact with the child until December 2010; that Petitioner had a loving and nurturing relationship with the child; that the child performs well in school and engaged in extracurricular activities; that Petitioner has provided the child with a loving home where the child has thrived; and that the child is emotionally and psychologically secure in her current home. *See* NMSA 1978, Section 40-4-9 (A) (1), (3), (4) (1977) (directing the district court to consider "the wishes of the child's parent

or parents as to his custody"; "the interaction and interrelationship of the child with his parents[]"; and "the child's adjustment to his home, school and community," among other factors). Based on these facts, we cannot conclude that the district court abused its discretion in awarding Petitioner primary physical custody of the child.

Finally, Respondent continues to assert that the district court erred in not following specific statutory guidelines. To the extent Respondent refers this Court to the factors to be considered under Section 40-4-9.1, we note that Section 40-4-9.1 includes the factors to be considered by the district court in awarding joint legal custody. We further note that the district court awarded the parties joint legal custody of the child, and primary physical custody to Petitioner. Thus, we applied Section 40-4-9 above, in determining whether the district court abused its discretion in awarding primary physical custody to Petitioner. We assume Respondent does not challenge the district court's award of joint legal custody, as the award was in Respondent's favor.

To the extent Respondent contends that the district court's child support award was not supported by substantial evidence, Respondent has not indicated how this Court's notice of proposed disposition was in error. In this Court's notice, we pointed out that Respondent had provided the district court with information regarding the parties' incomes on which the district court may have relied, and that there appeared

to have been evidence presented at the hearing regarding expenses Petitioner incurred in raising the child. [CN 14 (citing RP 50, 227)] Respondent contends that "[w]ithout knowledge of a party's income there was no evidence to support the finding . . . ." [MIO 15] Respondent does not, however, address the fact that she represented to the district court specific amounts for both her and Petitioner's gross monthly incomes when requesting that Petitioner pay her support. [RP 50] This Court proposed to rely on Respondent's representations regarding the parties' respective incomes in our notice of proposed disposition, and Respondent has not persuaded us that it was improper to do so. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

This Court has given due consideration to the issues raised in Respondent's docketing statement and argued in Respondent's memorandum in opposition. Because we conclude that Respondent has failed to meet her burden of demonstrating error on appeal, we affirm.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

10

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**JONATHAN B. SUTIN, Judge**