This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PATSY M. PACHECO**,

Petitioner-Appellee,

v.                                                            NO. 34,646

**WIL B. PACHECO**,

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Loretta Lopez
Albuquerque, NM

for Appellee

Carter & Valle Law Firm, P.C.
Linda L. Ellison
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Appellant, Wil Pacheco, appeals from the district court's minute order modifying spousal support, as well as from the district court's memorandum order

awarding attorney fees to Appellee, Patsy Pacheco. This Court issued a calendar notice proposing summary affirmance. Appellant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}     Appellant, originally ordered in 2009 to pay Appellee $2000 per month in modifiable spousal support, moved in 2014 to terminate spousal support, or in the alternative, to decrease the amount of spousal support he owed, on the basis of his changed circumstances. [CN 2] Specifically, these changed circumstances included the closure of his dental practice—and concomitant reduction in income—and his deteriorating health. [CN 2] The district court, finding that Appellant met his burden in showing a change in circumstances, and after taking testimony and evidence on the respective parties' budgets, reduced the amount of spousal support to $1200 per month. [CN 2]

{3}     On appeal, Appellant contends that the reduction in spousal support to $1200 per month constituted an abuse of discretion on the part of the district court. [CN 3; DS 5-6] In our calendar notice, we noted that Appellant had not even attempted to demonstrate that the district court's reduction of his required spousal support from $2000 to $1200 was "contrary to all reason." [CN 4] Consequently, we proposed to

conclude that Appellant had not met his burden on appeal. [CN 4] *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred."). Appellant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}     Instead, in response to our suggestion that he had not—through the bare recitation of facts tracking his proposed findings of fact—sufficiently attacked the district court's findings of fact [CN 4], Appellant now contends that the district court erred in determining the amount of his income [MIO 3]. Specifically, Appellant states that the district court abused its discretion in not deducting from his income an automatic monthly $300 student loan payment for his "adult child." [MIO 3] However, Appellant does not provide any authority in support of his contention that this decision was an abuse of discretion. Therefore, we are not convinced that the district court erred with respect to this issue. *See Curry v. Great Nw. Ins. Co.*, 2014-

NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{5}     We note that Appellant, in his memorandum in opposition, states that "[b]riefing is where an appellant can set forth with specific detail how the [district] [c]ourt's findings were an abuse of discretion." [MIO 3] To the extent that Appellant is saving or holding back information bearing on the issues raised in his docketing statement for use in his brief-in-chief, Appellant misapprehends this Court's rules regarding cases placed on the summary calendar. *See* Rule 2-210 NMRA (outlining this Court's calendaring procedure); *see also State ex rel. State Highway & Transp. Dep't of N.M. v. City of Sunland Park*, 2000-NMCA-044, ¶ 15, 129 N.M. 151, 3 P.3d 128 (noting that the docketing statement takes the place of full briefing when a case is decided on the Court's summary calendar), *cert. denied*, 2014-NMCERT-003, 324 P.3d 375.

{6}     However, regardless of whether Appellant's income was $5318 per month, as found by the district court [CN 3], or $5018 per month, as alleged by Appellant [DS 4; MIO 3], Appellant has not met his burden in demonstrating error in the district court's decision to reduce the amount of spousal support by $800 per month. "[M]erely identifying the existence of evidence which may have tended to support a

different outcome does not demonstrate an abuse of discretion." *Camino Real Envtl. Ctr., Inc. v. N.M. Dep't of the Env't (In re Camino Real Envtl. Ctr., Inc.)*, 2010-NMCA-057, ¶ 23, 148 N.M. 776, 242 P.3d 343. This is especially true in light of the fact that Appellant, in the context of his argument that the district court erred in awarding attorney fees to Appellee, asserts not only that he prevailed in his motion by having the spousal support reduced by $800 per month [MIO 4], but also that he was "successful in obtaining the relief he requested[.]" [DS 8]. Therefore, we are not convinced that the district court erred in reducing the spousal support agreement by $800 per month.

{7}	Appellant also continues to argue that the district court erred in awarding attorney fees to Appellee. [MIO 3-4] In our calendar notice, we suggested that the district court did not err, given its consideration of the four factors under Rule 1-127 NMRA, and especially based on its finding of a gross disparity in income between Appellant and Appellee. [CN 6-7] Again, we note that Appellant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice.

{8}	Instead, Appellant now contends that the district court abused its discretion by imposing a burden on him to make a settlement offer, stating that the district court

"cited no authority" for its conclusion of law. [MIO 4] On appeal, however, the reviewing court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court is incorrect. *See Corona*, 2014-NMCA-071, ¶ 26. Appellant has provided no authority to support his contention that the district court abused its discretion in its analysis of the Rule 1-127 settlement offer factor. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Appellant has therefore not met his burden on this issue.

{9}     Finally, Appellant contends that the district court "clearly brought in past issues to bear on the [c]ourt's perception of . . . Appellant" and that there were "unwarranted extrapolations together with commentary on the record, that would indicate this ruling appears to be a prejudgment on the issue of attorney fees." [MIO 4] We note, however, that this argument was not raised in Appellant's docketing statement and Appellant did not move to amend the docketing statement to add this issue. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). To the extent that we might construe the addition of

this argument as a motion to amend the docketing statement, Appellant has failed to demonstrate—through his one sentence reference to prejudgment—that he meets the requirements for granting a motion to amend. Therefore, we are not convinced that we were incorrect in determining that the district court did not err in awarding attorney fees to Appellee.

{10}    For these reasons, and those in our calendar notice, we affirm.

{11}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**RODERICK T. KENNEDY, Judge**

7