This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39795**

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

      Petitioner-Appellee,

v.

**STEPHANIE R.,**

      Respondent-Appellant,

and

**ROBERT J.,**

      Respondent,

**IN THE MATTER OF R.J., Jr. and**
**J.J.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Catherine A. Begaye, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

New Mexico Family Law PC
Amanda A. Aragon
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Mother appeals from the district court's order adjudicating Child to be abused and neglected and finding the existence of aggravated circumstances. Unpersuaded that Mother demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Mother has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}**     Mother's response to our notice abandons four issues in the docketing statement and focuses only on the district court's exclusion of Mother's expert witnesses' testimony from the adjudicatory trial. [MIO 5] We, therefore, limit the opinion to our review of this issue. Our notice proposed to affirm the exclusion of the testimony on several grounds: (1) Mother did not provide this Court with a sufficient explanation of the facts underlying the issue; (2) it appeared that the basis for the exclusion of the evidence was relevance; and (3) Mother did not establish that the district court abused its discretion in concluding that the evidence was not sufficiently relevant. [CN 7-9] In response to our notice, Mother complains that the factual basis for the district court's exclusion of the expert testimony is not set forth in detail in the record proper, and that only a complete analysis of the audio recording of the adjudicatory trial will determine whether Mother was denied a defense and thus suffered a violation of due process. [MIO 6]

**{3}**     As we explained in detail in our notice, it is Mother's obligation to provide this Court with all the facts material to our consideration of the issues she presents to us. [CN 4] *See* Rule 12-208(D)(3) NMRA. The docketing statement is intended to serve as an adequate alternative to the complete transcript of proceedings on the summary calendar. *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353; *State ex rel. N.M. Highway & Transp. Dep't v. City of Sunland Park*, 2000-NMCA-044, ¶ 15, 129 N.M. 151, 3 P.3d 128 (noting that the docketing statement takes the place of full briefing when a case is decided on the Court's summary calendar). The failure to provide this Court with necessary facts can result in affirmance on that basis alone. *State v. Chamberlain*, 1989-NMCA-082, ¶ 7, 109 N.M. 173, 783 P.2d 483 (refusing to grant relief where the defendant failed to provide us with a summary of all the facts material to our consideration of the issue raised in the docketing statement).

**{4}**     In addition, Mother's memorandum in opposition does not provide any explanation for why she was unable to ascertain the information she claims will be found on the general calendar. She does not claim to have made efforts to obtain some portion of the transcript that were unsuccessful. Nor does she claim to have made

efforts to reconstruct the record without the transcript by, for instance, consulting with trial counsel, who would have needed to claim a legitimate, good-faith inability to recall some specific matter related to the exclusion of the expert testimony and Mother's alleged denial of a defense that would appear in the transcript. *Cf. State v. Ibarra*, 1993-NMCA-040, ¶¶ 4, 6, 116 N.M. 486, 864 P.2d 302 (explaining that certain judicial districts make transcripts or audio tapes available during calendaring and that this Court may allow extra time to make such records available in the calendaring process upon a sufficient showing of efforts to reconstruct events without the record and a legitimate inability to recall matters related to the identified error). Additionally, allowances to access the transcript on the summary calendar are, and should be, rare and may be accompanied by a sanction, in light of the obligations placed on trial counsel by Rule 12-208 and the requirement that the docketing statement be filed close in time to the trial, making a faulty memory less likely. *See* Rule 12-312(D) NMRA (noting that failure to comply with appellate rules may result in "citation of counsel or a party for contempt, refusal to consider the offending party's contentions, assessment of fines, costs or attorney fees or, in extreme cases, dismissal or affirmance").

**{5}**     An appellant's obligation in response to a notice of proposed disposition is to point out error in fact or in law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). When the facts are not disputed, a case may appropriately be decided on the summary calendar. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 1, 122 N.M. 486, 927 P.2d 41. At this juncture, Mother has not disputed the facts relied on in this Court's notice of proposed disposition and has not established that access to the transcript is necessary under the circumstances set forth above or to resolve a factual dispute. Thus, if we were to assign this case to the general calendar under the circumstances with which we are presented, it would undermine the distinction between our summary and general calendars and result in unwarranted delay in reaching a disposition for this time-sensitive appeal. Accordingly, we decline Mother's invitation to reassign this matter to the general calendar.

**{6}**     We next address Mother's assertion that the expert testimony, which would have addressed whether Child's injuries were accidental or inflicted by Mother, was "extremely relevant" to the abuse and neglect determination and should not have been excluded. [DS 10] As indicated in our notice, it appears the testimony was deemed irrelevant because: (1) Dr. Rodriguez's testimony about his evaluation of Mother at least eight months after Child's injuries would not have reflected Mother's psychological status at the time of Child's injuries and would not make Mother's tendency toward abuse, when Child was being abused, more or less probable [DS 5]; and (2) Dr. Alexander's testimony about Father's psychological evaluation and the indicators that it was Father who abused Child [DS 4] would not have provided evidence making Child's abuse more or less likely because the district court was not tasked with identifying whether it was Mother or Father who was the abuser of Child, where there was evidence that it was either one of them or both, the abuse of Child was so serious, undeniable, non-accidental, and hidden by both parents, and there was a failure to

protect Child. [3 RP 952-58] *See State ex rel. Child., Youth & Fams. Dep't v. Carl C.*, 2012-NMCA-065, ¶ 12, 281 P.3d 1242 (holding that the abuse and neglect statute requires the district court to determine that a parent, guardian, or custodian placed the child at risk by their action *or* inaction; it does *not* require the district court to identify which parent, guardian, or custodian was the abuser). *See also* Rule 11-401(A), (B) NMRA (providing that evidence is admissible as relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action"). Mother's memorandum in opposition does not demonstrate error in the exclusion of the testimony or our reasoning proposing affirmance, and her bare assertion that the full record could show prejudice and a denial of due process [MIO 6] does not constitute a showing of prejudice and denial of due process. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 (concluding that reassignment to a non-summary calendar is not required where it "would serve no purpose other than to allow appellate counsel to pick through the record" for possible error). Therefore, we hold that Mother has not established an abuse of discretion in the exclusion of the expert testimony.

{7}     To the extent that Mother's memorandum in opposition briefly speculates that her experts may have been excluded due to discovery violations and asserts that, in that case, the record should be analyzed to determine if she was denied effective assistance of counsel, [DS 11] this is a new contention, which we treat as a motion to amend the docketing statement. *See* Rule 12-210(D)(2) NMRA (stating, "[t]he parties shall not argue issues that are not contained in either the docketing statement or the statement of the issues[,]" but permitting the appellant to move to amend the docketing statement upon good cause shown, which can be combined with a memorandum in opposition). The bare statement of the issue, however, does not involve a developed contention required to amend a docketing statement and to show good cause and a viable issue. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309 (explaining what is required of parties seeking to add an issue to a docketing statement in cases assigned to the general calendar); *State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730 (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error). We, therefore, deny the motion to amend the docketing statement to add the potential challenge to the effectiveness of her counsel.

{8}     Because Mother has not demonstrated error or sufficient grounds for assignment to the general calendar, we affirm the district court's order adjudicating Child as abused and neglected.

{9}     **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**