This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-39731

**JACQUELINE COLEMAN-RODERICK,**

Plaintiff-Appellant,

v.

**THE ISLANDS AT RIO RANCHO HOMEOWNERS ASSOCIATION, INC., a New Mexico corporation; DOMUS DEVELOPMENT, INC.; THE BANK OF NEW YORK as Trustee for the CERTIFICATEHOLDERS OF CWALT, INC.; ALTERNATIVE LOAN TRUST 2006-OA21 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-OA21, a foreign non-New Mexico incorporated entity LITTLE, BRADLEY & NESBITT, P.A. f/k/a SUSAN C. LITTLE & ASSOCIATES, P.A., a New Mexico professional association; and DOES 1-10,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Judge**

Higgins Law Corporation
John F. Higgins
Albuquerque, NM

W. J. Barnes, P.A.
W. Jeff Barnes
Boca Raton, FL

for Appellant

Krupnik & Speas, PPLC

Lynn M. Krupnik
Timothy J. Krupnik
Phoenix, AZ

for Islands at Rio Rancho Homeowners Association, Inc.

Houser LLP
Solomon S. Krotzer
Albuquerque, NM

for Bank of New York

Dixon, Scholl, Carillo, P.A.
Gerald G. Dixon
Albuquerque, NM

for Alternative Loan Trust 2006-0A21
Little, Bradley and Nesbitt, P.A.

LeeAnn E. Werbelow
Rio Rancho, NM

for Domus Development, Inc.

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}**     Plaintiff appeals from four orders of the district court that denied Plaintiff's motion to amend the complaint and granted summary judgment in favor of Defendants. We consolidated Plaintiff's appeals, and, unpersuaded that Plaintiff demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}**     Our notice of proposed summary affirmance explained that a docketing statement is intended to supply all the information material to the issues raised on appeal and should be a fair substitute for the full record and full briefing; it explained why Plaintiff's docketing statements did not meet these obligations; and it explained what Plaintiff needs to show to demonstrate error in any response she may wish to file. [CN 1-5] *See* Rule 12-208(D)(3) NMRA; *State ex rel. State Highway & Transp. Dep't v. City of Sunland Park*, 2000-NMCA-044, ¶ 15, 129 N.M. 151, 3 P.3d 128; *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353. Among the deficiencies in the docketing statements was their failure to set forth the grounds for the district court's rulings. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (explaining that we construe Rule 12-208(D)(3) to include the requirement that the appellant provide all the facts that support affirmance, including the grounds for the

district court's ruling). In proposing summary affirmance, we relied on Defendants' arguments in district court, to provide the grounds for the district court's rulings, given that those arguments ultimately prevailed and given that the district court ruled that Defendants' motions containing those arguments were well-taken. [CN 4-7; 4 RP 1017-19; 5 RP 1030-36]

**{3}** Despite our lengthy explanation of the deficiencies of the docketing statements and our statement of what Plaintiff's memorandum in opposition should demonstrate in response to our notice, Plaintiff's memorandum in opposition repeatedly criticizes our presumption that the district court ruled on the grounds asserted by Defendants without demonstrating that our presumption was incorrect. [MIO 4-6, 11] Plaintiff also fails to comply with the instructions in our notice that her memorandum in opposition should directly respond to each of the grounds upon which we relied to propose affirmance, explain why each of these grounds are incorrect, and explain how she demonstrated that these grounds are in error. [CN 4-5] We provided these instructions to show Plaintiff how she may satisfy her burden on appeal. Rather than attempting to meet this duty, Plaintiff instead makes considerable effort to criticize our notice's assessment of the docketing statements [MIO 4, 11], our use of various iterations of the presumption of correctness [MIO 8-10], and our use of equivocal language in proposing to agree with Defendant's arguments [MIO 5-6, 8], suggesting to this Court that Plaintiff misapprehends our summary calendar process.

**{4}** Adhering to the common maxim and our direct instructions to Plaintiff, we hold that neither Plaintiff's misunderstanding of the law, nor her apparent dislike for our summary calendar system, relieves her of the obligation to know and comply with our law and court rules. *See, e.g.*, *Esquibel v. Brown Constr. Co.*, 1973-NMCA-111, ¶ 14, 85 N.M. 487, 513 P.2d 1269 ("It is a general rule of law that relief is not granted for a mere mistake of law where a person is either ignorant of the law or mistaken as to what it prescribes." (internal quotation marks and citation omitted)); *see* Rule 12-210 NMRA (setting forth the rules of New Mexico's calendaring system); *Udall v. Townsend*, 1998-NMCA-162, ¶¶ 3-10, 126 N.M. 251, 968 P.2d 341 (explaining New Mexico's calendaring system and considerations for assigning cases to the summary and general calendars and observing that the defendant's ignorance of the rules does not excuse his failure to comply with them); *see also State v. Simpson*, 1993-NMSC-073, ¶¶ 26, 29, 116 N.M. 768, 867 P.2d 1150 (explaining New Mexico's calendaring system).

**{5}** To the extent Plaintiff asserts a due process challenge to the fairness of resolving her case without full briefing [MIO 3-4, 6, 8-9, 12-13], our courts have held that "[n]either due process nor equal protection requires assignment to one calendar or the other[,]" and that parties have no entitlement to a particular calendar assignment. *Udall*, 1998-NMCA-162, ¶ 7; *State v. Ibarra*, 1993-NMCA-040, ¶¶ 7-12, 116 N.M. 486, 864 P.2d 302 (explaining the summary calendar process and why it does not violate due process); *Simpson*, 1993-NMSC-073, ¶ 29 (rejecting a claim that the defendant was denied due process by this Court's summary calendar system's denial of his opportunity to file a brief).

**{6}** Much of the remainder of Plaintiff's memorandum in opposition relies on conclusory statements of law and allegations of error without *demonstrating* error in Defendants' arguments, which we proposed to hold were correct. [MIO 6-8, 11-12]

**{7}** Because Plaintiff's memorandum in opposition does not persuade us that the district court erred, we affirm the district court's orders denying Plaintiff's motion to amend the complaint and granting summary judgment in favor of Defendants.

**{8}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**